GUARANTY TRUST CO. OF NEW YORK v. MEXICAN PETROLEUM CO., Limited.

(District Court, S. D. New York. November 5, 1917.)

1. CONTRACTS ⬯162—CONSTRUCTION.

In the construction of written contracts, the various clauses should be harmonized, if possible, and the court should seek to avoid a construction which would nullify or render inconsistent one clause or provision with another.

2. CORPORATIONS ⬯486—BONDS—SINKING FUNDS—CONTRACTS—CONSTRUCTION.

Defendant, for the purpose of borrowing money, issued sinking fund bonds under a deed of trust, section 2 of which provided that, whenever any underlying bonds deposited with the trustees should be purchased, redeemed, or paid by means of a sinking fund created in pursuance of a mortgage or other instrument, securing the same or providing for the issue thereof, the amount paid for the purchase, redemption, or payment should be paid to and received by the trustee and added to the sinking fund. A subsequent provision declared that the percentage stated in the bonds as being the minimum sinking fund payment should be calculated on the maximum amount of such first lien bonds, but that the defendant should be credited in reduction pro rata of the sinking fund payments with an amount equal to the aggregate of all payments made to the trustee pursuant to the sinking fund requirements of any instrument securing or providing for the issue of bonds or other obligations pledged with the trustee. Defendant pledged with the trustee bonds of a subsidiary company which bonds also provided for sinking fund arrangements, and the provisions for adding to the sinking fund amounts received in payment or redemption of such bonds applied only to the bonds of the subsidiary company. *Held,* in view of the fact that the provisions as to the sinking fund did not extend to bonds satisfied on foreclosure, and as defendant and the subsidiary company might be treated as one whole, the amounts paid on redemption of bonds of subsidiary companies out of the sinking fund should be credited on the amount which defendant was annually obligated to pay into the sinking fund.

At Law. Action by the Guaranty Trust Company of New York against the Mexican Petroleum Company, Limited. On motion by plaintiff for judgment on the pleadings. Motion denied.

Stetson, Jennings & Russell, of New York City (William C. Cannon, of New York City, of counsel), for plaintiff.

Kellogg, Emery & Cuthell, of New York City (Frederic R. Kellogg, of New York City, of counsel), for defendant.

MAYER, District Judge. This is an action brought to recover $320,-000, claimed to be due from defendant to plaintiff, under the terms and provisions of the deed of trust given by defendant to the Standard Trust Company of New York (to whose rights by merger plaintiff has succeeded) to secure an issue of bonds for an aggregate principal amount of $12,000,000, executed on October 3, 1911. In October, 1911, for the purpose of borrowing money for its lawful corporate purposes, defendant, in pursuance of resolutions adopted by its board of directors and stockholders, duly authorized the issue of certain first lien and refunding sinking fund gold bonds, for an aggregate principal amount

of $12,000,000, and in pursuance of due authorization it made and executed to the Standard Trust Company of New York its mortgage and deed of trust, dated October 3, 1911. Under said deed of trust defendant deposited and pledged with the Standard Trust Company of New York certain stocks and bonds of various corporations. Bonds of defendant were issued under the deed of trust to the amount of $5,-940,000; there being outstanding at the present time approximately $2,200,000 of the said bonds.

The bonds issued under the deed of trust contained certain sinking fund provisions, whereby defendant is required to make yearly payments to plaintiff to constitute a sinking fund, the amount of such payments to be computed upon the production of oil by defendant, but not to exceed 15 per cent. of the maximum amount of bonds then outstanding. Article 2, section 2, of said deed of trust provides as follows:

"Whenever any underlying bonds deposited with the trustees hereunder shall be purchased, redeemed, or paid by means of a sinking fund created in pursuance of a mortgage or other instrument securing the same or providing for the issue thereof, the amount paid for the purchase, redemption, or payment thereof shall be paid to and received by the trustee and added to the sinking fund hereinafter in this indenture provided for."

Article 5, section 1, of the said deed of trust, contains the following provisions:

"The percentage, if any, which shall have been stated in the bonds of any such series as being the minimum sinking fund payment shall be calculated on the maximum amount of such first lien bonds of such series theretofore issued. The percentage, if any, stated in the bonds of any such series to be payable as a maximum sinking fund shall be similarly calculated; the Limited Company, however, being credited, in reduction pro rata of the sinking fund payments to be made by the Limited Company to the trustee as aforesaid on each such 1st day of October, with an amount equal to the aggregate of all payments made to the trustee, during the calendar year ending on each such 1st day of September next preceding pursuant to the sinking fund requirements of any instruments securing or providing for the issue of bonds or other obligations pledged with the trustee hereunder."

Defendant deposited and pledged with plaintiff, under the deed of trust, certain bonds of the Mexican Petroleum Company of California, issued under a mortgage duly made by that company to the Southern Trust Company of Los Angeles as trustee. The mortgage to the Southern Trust Company contained certain sinking fund requirements under which the said trust company was directed to dispose of any moneys which might come into the sinking fund therein provided for, either by making certain investments thereof, or by purchasing bonds of the issue secured by the said mortgage. In July, 1916, the Southern Trust Company purchased $320,000 principal amount of the bonds of the said California Company from the plaintiff, which bonds had been deposited by the defendant under its deed of trust, and paid therefor the sum of $320,000 to plaintiff. The total amount of the sinking fund payments due from defendant to plaintiff on October 1, 1916, under the provisions of the deed of trust, and the bonds issued thereunder, was the sum of $891,000, being the maximum amount of

15 per cent. of the bonds issued. On October 1, 1916, defendant paid to plaintiff, under the said sinking fund provisions, $571,000.

This suit is brought to recover the difference between the maximum amount of the sinking fund payments, namely, $891,000, and the sum of $571,000 thus paid by defendant to plaintiff. Defendant contends that under article 5 of the deed of trust the payment to plaintiff of $320,000 for the purchase of bonds of the California Company which had been pledged under the deed of trust should be taken in reduction of the sinking fund payments required under defendant's deed of trust. Plaintiff contends that under article 2 this amount is to be "added to" the sinking fund payments otherwise provided for, and that there is a balance of $320,000 due from defendant to plaintiff.

[1] Defendant, for a separate defense, sets forth facts which it contends constitute an estoppel. It is, of course, an elementary principle of the construction of written instruments that their various clauses should be harmonized, if possible, and the courts seek to avoid a construction which will nullify or render inconsistent one clause or provision with or as against another. In view of the conclusion stated on the argument, it is necessary merely to state briefly the reasons therefor.

[2] The phrase "added to the sinking fund," means "becomes a part of the sinking fund." This clause was not intended to affect "the amounts payable" to the sinking fund, all of which was elsewhere fixed; but its sole object was to make it clear that the moneys thus received by the trustee should, instead of being held by it, or reinvested by it, be considered as a part of the sinking fund, but, of course, always subject to each and every specific provision regarding the amount and administration of that fund. Only two alternatives exist—either the proceeds of these bonds are a part of the sinking fund or they are not. If no such clause were found in the mortgage, it would not be a part of the sinking fund. But, since the clause is found in the mortgage, it follows that these proceeds do become a part of the sinking fund, and hence they become governed by all of the sinking fund provisions, just as though it had been paid into the sinking fund by defendant directly, and one of those specific provisions of the sinking fund article is the one upon which defendant relies.

Plaintiff's argument, to the effect that the words "add to" must be considered as equivalent to "increase the amount of," fails to take into consideration that the clause does not say that the thing to which these moneys is to be added is the full amount of the installments which defendant would otherwise be compelled to pay. On the contrary, the thing to which these moneys is to be "added" is the "sinking fund hereinafter in this indenture provided for," and the very provision thus referred to contains the credit clause relied upon, thus making it clear that, while this language fixes the first element of which the sinking fund in any given year will be composed—that is to say, the amount of the proceeds of bonds sold as aforesaid—yet that it makes no effort at all to determine the amount of the other portion of the sinking fund, to wit, the amount that should be paid

by the defendant directly to the plaintiff. This last element is fixed, first, by taking the amount payable according to the language of the bonds themselves; and, secondly, by deducting the credit to which defendant is entitled under the sinking fund clause itself.

The fairness of this provision is evidenced by the fact that both provisions of the trust deed are expressly limited to moneys which come from the sinking funds of the subsidiary companies. In case any bonds pledged under the deed of trust are paid by means of a foreclosure of the mortgage upon the property of the subsidiary company, or as a result of a sale otherwise of the property, or by reason of any dissolution or liquidation of any such company, the moneys thus received are not covered by the operation of these two clauses.

The reason for this distinction is plain, since the defendant company and the subsidiary companies are members of one group; practically all of the stock of all of the subsidiary companies being owned by the defendant company, the parent concern. Hence, in accordance with a well-understood practice which has been adopted in other similar cases, sinking fund moneys, coming either from the operations of the holding company or of the subsidiary companies, are treated as an entirety. The holding company is entitled to just the same credits in respect of sinking fund moneys which come into the hands of plaintiff through the operation of the sinking fund requirements of the subsidiary companies as would be the case regarding sinking fund moneys paid by defendant company itself directly to plaintiff.

In order to accomplish this desired result, two separate provisions were necessary. The first of these provisions is the one entitling defendant to a credit as against the sinking fund payments to an amount equal to the amount received through the purchase of bonds with sinking fund moneys of the subsidiary companies. But, if the trust deed had stopped there, the desired result might not have been reached; for, although the amount of defendant's sinking fund payments would have been decreased, yet no provision would have been made for the substitution of other moneys for the amounts thus deducted. Hence the second provision, which is that the moneys received from the sinking fund operations of the subsidiary companies shall become a part of or "be added to" the sinking fund in the hands of plaintiff, thus removing the possibility of any claim that, although defendant was entitled to a credit, yet that the proceeds of the subsidiary companies' bonds sold could not be used as a part of the sinking fund for the redemption of the bonds issued by defendant, but, on the contrary, that such proceeds must be still held in trust or reinvested by plaintiff.

In view of the foregoing, it is unnecessary to discuss the question of estoppel.

Motion denied.